Good morning, your honor. May it please the court, Richard Roy for the defendant and appellate Stephen Lopez. I'd like to reserve three minutes. I think basically we've briefed extensively the history on this case, and one thing that I do think is very important is the timeline. That may not have been clear with regards to briefing. Mr. Lopez's limited involvement was in 2004, May and June of 2004. He sent a letter with a proposed exchange, and as a part of that, there was a Poway City Center project under development by his clients. It eventually sold about a year later, and it sold with a substantial net to the clients themselves of $3.5 million. Out of that $3.5 million, Matt Travis was supposed to pay the exchange property payoff, the note, so to speak. You argue in your brief that plenty have failed to meet their burden of showing that the elements of issue preclusion are met. Which element in particular do you contend was not met? If I understand the question correctly, basically what we're arguing is that there has not been a hearing before the bankruptcy court with regards to the actual facts of Mr. Lopez's action, whether or not they rise to the level of intentional misrepresentation. And that is the gist of the plaintiff's claim, that it was the misrepresentation in that letter that caused them to lose the security, and that's not the case here. So I don't know if I answered your question correctly, but... You may continue. Oh. Well, really what I'm talking about is that there was a subsequent hearing. There was the trial with regards to the wife, Lonnie Travis. Judge Moss looked at it. I read the transcript from that trial. It's fairly extensive and so on. And the facts are basically the same that what she did and supposedly Mr. Lopez did are identical. I think that Judge Moss's is the last in time. We've raised all these issues in our brief. It's the last in time. She gave extensive thought to what she ruled on. It was submitted and she prepared a series of points. The most important point out of that is the fact that... And so on. I think it was about a $1.55 million loan that was owed. But it was, again, the fact that a year later, Matt Travis did not pay as he promised. And that time lapse of Mr. Lopez was long gone. He didn't have any further involvement. He didn't have any way of controlling the actions. And I think where the problem developed is that Matt Travis took a draft of a proposal when Mr. Lopez clearly indicated it's going to have to be fine-tuned. And sent it on without Mr. Lopez's knowledge. Counsel, aren't these all the arguments that have been raised and adjudicated against your client's favor? Hasn't he made all of these arguments? We've made these arguments and we keep coming back to the trial and the discharge and the findings of Judge Moss. Where she said... I mean, because their complaint, their allegations... Why aren't you bound? That's really what this case is about on my scorecard anyway. Why aren't you bound? On collateral sloppiness? The earlier rulings, right? We think the last-in-time rule applies, which would be Judge Moss. Travis, okay. Yes. Yeah. And like I said, her findings were fairly extensive. Her findings take into consideration that year gap when the property was sold, the Poway City development was sold for $40 million, I believe, or something, some incredible amount of money. All right. Would you like to reserve? Yes, I'd like to reserve three minutes. May it please the court, Jury Clough, appearing on behalf of Vladimir and Imelda Rycevic, who are the respondents in this appeal. With regard to this particular case, we have an attorney who has been adjudicated in a state court proceeding of having committed a fraud against the Rycevics. In the state court proceeding, the jury found that fraud. The trial judge in that case reaffirmed the jury's verdict in that case. Mr. Lopez appealed. The Court of Appeal in the state of California affirmed that judgment. So we've had one jury and two courts who have affirmed that. They don't get a chance in their bankruptcy discharge to relitigate the question. And most of what I read in the brief is it's unfair to hold me, Lopez, liable for the acts because I did only what lawyers always do, and that is communicate proposals. It's too late to relitigate that. So in response to my question, opposing counsel says he's relying on the Travis ruling earlier. Correct. Bankruptcy court ruling. Do you want to respond to that? Certainly. Judge Mann conducted the trial for Lonnie Travis, the wife, not of Matt Travis, in a bankruptcy proceeding. And she found against the discharge, the objection to discharge filed by the Rycevics. In that particular case, what she found, and if you read her decision, it's very clear. She found that she was an innocent spouse, that she didn't know what was going on in this particular situation. And her ruling absolutely depended on her determination of intent. Did Lonnie Travis intend to defraud? And she found she did not intend to defraud. Nowhere in that case was there any litigation or any discussion of Stephen Lopez's intent when he wrote the letter that the jury and the judge and the court of appeal all found were the important factors in determining that he was liable for damages and fraud. And so in this particular situation, they don't meet the standard for application of the last-in-time rule. In the Roby v. Five Platters case, there is a seminal discussion with regard to the last-in-time rule. They cite the Americana Fabrics that said that first, before you even apply the last-in-time rule, what you have to have is you have to have a case upon which race judicata can be applied. We have since moved on with our analytical discussion as being claim preclusion versus issue preclusion. In issue preclusion situations, you can't apply these factors because if you look at the factors, and they are identical issues. The issues were not identical in the Travis case and in the Lopez Superior Court trial. The actually litigated factor does not apply in the Travis case because there was no actual litigation regarding Lopez's liability in that case. And as you go through there and as the BAP decision articulates, there's only one out of the four that arguably apply. Most important, as I learned in law school so many years ago, is that you have to have identical parties or they have to be in privity. The parties are not identical. Stephen Lopez was not a party in the Travis discharge argument in that particular case. And as we go back to the sort of Robey versus Five Platters, they cite the Parkland-Hosiery case, and that says that the party against whom collateral estoppel is being sought to be applied in those circumstances, that party must have been found against them on the issue. And there was no determination in the Travis decision that Stephen Lopez was a party. They rely on a statement in dicta by Judge Mann in which she says is that Stephen Lopez had been found responsible in that case. And the proximate, excuse me, Stephen Lopez, she knew at the time of the Travis case that Stephen Lopez had been adjudicated to have committed fraud in these situations. Her observation in that situation is that the Riceviks were not out of an ability to collect their judgment. They had a judgment against Mr. Lopez. That's inconsistent with the argument that she found that Stephen Lopez had no responsibility whatsoever in these circumstances. And you further get down the line on this question in the wording that Judge Mann makes is it says that the proximate cause of the injury was Matthew Travis's failure to pay. Proximate cause is not the same as only cause. In California, fraud is based on substantial cause. Was Stephen Lopez's conduct a substantial cause of the loss to the Riceviks? The jury, the trial judge and the court of appeal all found in that favor. So these are not inconsistent statements. In this particular situation, that's not ever going to be a factor. And what we have is an attempt in these circumstances to have a conflation between whether he should have been found liable in the state court proceeding and try to move that over to the bankruptcy environment. And because we're not retrying the question of fraud and bankruptcy case, because we have all the elements of fraud are set out in the jury verdict. And each of them are one by one. And Judge Latham, who was the bankruptcy judge who heard this, had a very well-informed decision and set out what his factors were and the evidence that he considered. And I would submit to the court that the court ought to affirm the bankruptcy court's judgment in this case. Any questions? No questions. Thank you. Thank you. Thank you. Real quick. We addressed the privity argument in our brief, and I think we are correct. But, again, it comes down to their claim is that somehow there were actions done by Mr. Lopez which caused them to lose their security. I think that is the gist of the argument by the plaintiffs. And the facts, timeline, and so on essentially state, strongly suggest, that the letter was only a draft. It was only preliminary. And that there was sufficient funds. And I believe that the judge is correct when she states that the real cause here is Matt not paying when he has $3.5 million in his pocket. And he pays a large part of his other bills but doesn't pay this, which Mr. Lopez had no control over. Thank you very much. Thank you. Thank you both. We'll go on to the last case on the calendar.
judges: Fernandez, Christen, Marshall